FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
_____ DIVISION

JUL 1 9 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

Gaylyn Henderson
_____
(Print your full name)

Plaintiff *pro se,*

v.

Xavier Becerra
_____

Secretary, U.S, Department of Health and Human Services
_____

_____
(Print full name of each defendant; an employer is usually the defendant)

Defendant(s).

CIVIL ACTION FILE NO.

**1:22-CV-2843**
_____

(to be assigned by Clerk)

## *PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1.   This employment discrimination lawsuit is brought under (check only those that apply):

_____   Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et seq.</u>, for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

**NOTE:** To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

Page 1 of 9

5 of 46

_____      Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

X      Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

_____      Other (describe) _____

_____

_____

_____

_____

_____

2.    This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

4 of 46

## **Parties**

3.    **Plaintiff.**    Print your full name and mailing address below:

Name       Gaylyn Henderson

Address    ~~Atlanta, GA~~  510  Woodlands  Dr. SE

Smyrna

~~Atlanta, GA~~  GA  30080

4.    **Defendant(s).**    Print below the name and address of each defendant listed on page 1 of this form:

Name       Xavier Becerra

Address    U.S. Department of Health and Human Services

61 Forsyth Street SW. Atlanta, Ga 30303

Name       _____

Address    _____

_____

Name       _____

Address    _____

_____

## **Location and Time**

5.    If the alleged discriminatory conduct occurred at a location <u>different</u> from the address provided for defendant(s), state where that discrimination occurred:

_____

_____

6 of 46

6.    When did the alleged discrimination occur?  (State date or time period)

2019-2022

_____

_____

_____

_____

### **Administrative Procedures**

7.    Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?    __x__ Yes         _____ No

   If you checked "Yes," attach a copy of the charge to this complaint.

8.    Have you received a Notice of Right-to-Sue letter from the EEOC?

   __x__ Yes         _____ No

   If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter:
   _____

9.    If you are suing for **age discrimination,** check one of the following:

   _____    60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

   _____    Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

7 of 46

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

_____ Yes          __x__ No          _____ Not applicable, because I was not an employee of, or applicant with, a State agency.

If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

_____

_____

_____

_____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

__x__ Yes          _____ No          _____ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

If you checked "Yes," describe below what happened in that administrative process:

Please see the attached document.

_____

_____

_____

_____

Page 5 of 9

8 of 40

**11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?**

On **May 30, 2019** I first contacted EEO regarding my reasonable accommodation request submitted April 11, 2019.

**September 6, 2019** – I filed a formal EEO complaint with the below listed claims due to discrimination against the Complainant based on her disability (physical) and retaliated against (prior EEO activity in 2013 and 2019)

    1. When her request for reconsideration of a reasonable accommodation was delayed (April 11, 2019);
    2. When she was denied telework and instructed to use leave for one day(June 19, 2019);
    3. When her reasonable accommodation was denied after reconsideration (July 10, 2019);

**October 22, 2019** – I submitted an email to amend my complaint to include the below claims due to discrimination against the Complainant based on her disability (physical) and retaliated against (prior EEO activity in 2013 and 2019)

    4. When the processing of a career ladder promotion to GS-13 continues to be delayed, despite receiving Achieved Expected and Outstanding results on her 2018 and 2019 yearly PMAPs (October 8, 2019);
    5. When the Agency continually failed to accurately correct SF-50 to reflect competitive status tenure (October 9, 2019); and
    6. When she was denied a transfer to a position due to incorrect SF-50 career status (August 27, 2019).

**December 2019 and February 2020** – I submitted an email to amend my claims to include the below claims due to discrimination against the Complainant based on her disability (physical) and retaliated against (prior EEO activity in 2013 and 2019) and subject to harassment

    7. Complainant was forced to resign her position with OASH due to a hostile work environment. (November 25, 2019)

On **February 9, 2020** I requested a hearing from an Equal Employment Opportunity Commission Administrative Judge
On **April 20, 2021** the Agency submitted a motion to dismiss the EEOC hearing erroneously stating I had taken the EEOC claims to district court.
On **April 30, 2021** I submitted a response to the motion to dismiss explaining that the claims pending at MSPB and US District Court were claims originally submitted to the Office of Special Counsel and appealable to MSPB.
On **May 10, 2021** the EEOC Administrative Judge, Shayla Sipp (hereafter AJ) issued a "Notice of Proposed Dismissal"
On **May 13, 2021** I voluntarily dismissed my MSPB appeal to the US District Court in order to receive an EEOC hearing.

On **May 26, 2021** the EEOC Administrative Judge, Shayla Sipp (hereafter AJ) issued an "ORDER ON AGENCY'S MOTION TO DISMISS AND ORDER OF DISMISSAL OF COMPLAINT" effectively dismissing my complaint in its entirety.

On **August 10, 2021** I appealed the decision

On **December 16, 2021** the Equal Employment Opportunity Commission, Office of Federal Operations, Director Carlton M. Hadden, issued a DISMISSAL to my appeal and effectively dismissed my complaint in its entirety

On **January 19, 2022** I submitted a Request for Reconsideration

On **April 21, 2022** the Commission denied my request for reconsideration erroneously stating the claims were pending at MSPB.


I was under the impression if I dismissed my MSPB appeals at both the U.S. District Court and U.S. Court of Appeals that the hearing request to the EEOC would move forward. That was not the case.

## Nature of the Case

12.  The conduct complained about in this lawsuit involves (check only those that apply):

      _____     failure to hire me

      __x__     failure to promote me

      _____     demotion

      _____     reduction in my wages

      _____     working under terms and conditions of employment that differed from similarly situated employees

      __x__     harassment

      __x__     retaliation

      _____     termination of my employment

      __x__     failure to accommodate my disability

      __x__     other (please specify) __forced to resign, constructive discharge__

13.  I believe that I was discriminated against because of (check only those that apply):

      _____     my race or color, which is _____

      _____     my religion, which is _____

      _____     my sex (gender), which is _____ male \_\_\_\_ female

      _____     my national origin, which is _____

      _____     my age (my date of birth is _____ )

      __x__     my disability or perceived disability, which is:

                __Crohn's disease, avascular necrosis, anxiety, migraine__

      __x__     my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation

      _____     other (please specify) _____

11 of 40

14.    Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved.  Include any facts which show that the actions you are complaining about were discriminatory or retaliatory.  Take time to organize your statements; you may use numbered paragraphs if you find that helpful.  Do not make legal arguments or cite cases or statutes.

**Please see the attached document.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

Page 7 of 9

12 of 40

**14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.**

I was a GS-12 Public Health Advisor in the U.S. Department of Health and Human Services, Office of the Regional Health Administrator (HHS/OASH), Region IV in Atlanta, Ga. I have well-documented Crohn's disease, avascular necrosis, and other health ailments. I have requested and received reasonable accommodations since being employed with OASH, until 2019 when my reasonable accommodation was rescinded. In years past, I have filed a grievance and formal EEO discrimination and Office of Special Counsel complaints with the agency ranging from 2013-2019. This is due to ongoing and continuous discrimination and disregard by the agency to uphold merit system principles.

On April 11, 2019 I submitted a request to modify my reasonable accommodation based on supporting medical documentation, from two of my specialized treating physicians, to my supervisor, Sharon Ricks. Based on my previous experience and history with the agency, my supervisor has provided reasonable accommodation approval on-site based on supporting medical documentation. The medical documentation submitted on April 11, 2019 showed it was medically necessary for me to telework full-time due to progression of my disabilities of Crohn's Disease and avascular necrosis. I didn't foresee an issue in submitting this request, as I was already teleworking for the most part, full-time, as a reasonable accommodation. My agency's allowing me to telework since 2010, allowed me to perform and complete the essential functions of my job successfully as evidenced by receiving "Achieved outstanding results" on my last two performance appraisals. However, after about a month of hearing no response regarding my request, I contacted EEO regarding this issue as my modified reasonable accommodation request was necessary to complete my job due to my condition worsening.

On April 23, 2019 while in Washington, DC, I met with David Johnson and Sue Moskowsky and told them about my disabilities (Crohn's Disease and Avascular Necrosis) and my current reasonable accommodation and requested to modify my reasonable accommodation due to disease progression. David Johnson and Sue Moskowsky told me that I needed to submit formal documentation without providing any further assistance as the process has changed. *Please note they were somehow already aware of my request prior to this meeting.*

On May 30, 2019 I first contacted EEO regarding my reasonable accommodation request submitted April 11, 2019. On July 15, 2019, Sharon Ricks and David Johnson were notified by Mazie Haley, HHS EEO specialist that I filed an EEO complaint. I feel the reasonable accommodation reconsideration process was started over because management officials were notified I contacted EEO. In addition, on August 13, 2019 Joseph McCleary stated, he wanted to make sure the reasonable accommodation process was followed in order so when I file my complaint we (EEO) would have followed procedures correctly. After stating this, Joseph McCleary started the reconsideration process over further delaying my request for a reasonable accommodation.

**September 6, 2019** – I filed a formal EEO complaint with the below listed claims due to discrimination against the Complainant based on her disability (physical) and retaliated against (prior EEO activity in 2013 and 2019)

1. When her request for reconsideration of a reasonable accommodation was delayed (April 11, 2019);
2. When she was denied telework and instructed to use leave for one day(June 19, 2019);
3. When her reasonable accommodation was denied after reconsideration (July 10, 2019);

**October 22, 2019** – I submitted an email to amend my complaint to include the below claims due to discrimination against the Complainant based on her disability (physical) and retaliated against (prior EEO activity in 2013 and 2019)

4. When the processing of a career ladder promotion to GS-13 continues to be delayed, despite receiving Achieved Expected and Outstanding results on her 2018 and 2019 yearly PMAPs (October 8, 2019);
5. When the Agency continually failed to accurately correct SF-50 to reflect competitive status tenure (October 9, 2019); and
6. When she was denied a transfer to a position due to incorrect SF-50 career status (August 27, 2019).

**December 2019 and February 2020** – I submitted an email to amend my claims to include the below claims due to discrimination against the Complainant based on her disability (physical) and retaliated against (prior EEO activity in 2013 and 2019) and subject to harassment

7. Complainant was forced to resign her position with OASH due to a hostile work environment. (November 25, 2019)

The agency did not issue a FAD within 45 days and notify me that I have a right to appeal the matter to the MSPB due to being a mixed cased complaint.

**May 26, 2021-** I was notified by the EEOC that my hearing request was denied and my claims were dismissed in entirety

**Timeline**

June 3, 2019– I requested telework as a reasonable accommodation, again, to David Johnson.
June 17, 2019– David Johnson sent an email to me stating he expected me to physically report to my official duty station.
June 19, 2019- David Johnson denied my already established reasonable accommodation and instructed me to use leave, stating it was his expectation that I physically report to the office in Atlanta.
July 10, 2019 - I received correspondence from David Johnson denying my request for full-time telework as a reasonable accommodation. This decision was made without contacting my two treating physicians regarding my disabilities. One of my treating physicians notified me she was contacted but not regarding my conditions listed as why the reasonable accommodation is necessary. My physician, Dr. Javeria Bhawal, rheumatologist, told me my agency contacted her and asked "If I was happy?" My other treating physician, gastroenterologist, was not contacted at all. David Johnson stated "I am not approving the request for "full time telework," however based on the recommendation and medical review from the Federal Occupational Health, I am offering the use of a recumbent workstation as an alternative accommodation".   David Johnson also stated, "the nature of the work and job requirements,

including but not limited to ongoing training, mentoring, and related efforts to develop skills and background necessary to centrally administer the Title X Family Planning program, will require staff to be physically in the office to provide prescribed technical assistance to grantees, as well as accomplish the monitoring and oversight duties required for programs operated out of the Office of Population Affairs." Please note, I have been completing the essential functions of this job officially since 2015.

July 17, 2019 – Per OASH Reasonable Accommodation policy, I submitted a request to David Johnson and asked for my reasonable accommodation, full time telework, to be reconsidered. I submitted a reconsideration because when I am afforded this accommodation I am able to perform the essential functions of my job and I am a fully functioning employee.

August 5, 2019 – David Johnson denied my reconsideration request

August 12, 2019 – Per OASH Reasonable accommodation policy, I submitted my reasonable accommodation request for reconsideration request to Diane Foley, next line supervisor

August 13, 2019 – Joseph McCleary contacted me via email stating David Johnson did not understand the reasonable accommodation process and instructed me to resubmit my request for reconsideration, effectively starting the reconsideration process over and further delaying my request for a reasonable accommodation. Joseph McCleary stated, he wanted to make sure the reasonable accommodation process was followed in order so when I file my complaint we would have followed procedures correctly. After stating this, Joseph McCleary started the reconsideration process over further delaying my request for reasonable accommodation.

August 13, 2019 – The reasonable accommodation reconsideration process was started over further delaying my reasonable accommodation request.

August 21, 2019– David Johnson denied my reasonable accommodation request for reconsideration, again.

August 22, 2019 – I requested to Joseph McCleary to submit my reasonable accommodation request to Dianne Foley, the next line supervisor

August 22, 2019 – Joseph McCleary submitted my reasonable accommodation reconsideration request to Diane Foley, *Deputy Assistant Secretary for Population Affairs, Office of Population Affairs, US Department of Health and Human Services*

August 28, 2019 – Diane Foley, MD denied my reasonable accommodation request.

August 29, 2019 – I contacted Joseph McCleary and asked him to send my reconsideration request to the next line supervisor, Steven Valentine, Chief of Staff, Office of the Assistant Secretary for Health as instructed.

Unfortunately, I continue to receive disparate treatment from my agency. This is unfortunate for many reasons, notably however, and the most pressing is I have a disability and not being provided a reasonable accommodation is detrimental to my health and my ability to complete my duty functions. This entire process has been and continues to be incredibly difficult and stressful. I am experiencing significant emotional distress which has a direct negative effect on my health. In addition to this, because of continued retaliation and disparate treatment from my agency, I was not able to apply for vacant positions outside of my agency due to my SF-50s being incorrect, again. Nonetheless, I've still been applying for vacant opportunities. However, I am being determined ineligible due to my incorrect current career status only. My agency has put me in an incredibly difficult situation, first they did not process my promotion, based on performance and merit and most detrimental they did not provide me a reasonable accommodation deemed necessary by my treating physicians.

# Office of Special Counsel Claims pending at Merit Systems Protection Board (MSPB)

The claims listed below are due to reprisal for filing a previous OSC claim in 2015 and 2017 (OSC- MA-16-0115) and (OSC File No. MA-17-4392)

1. My employing agency, HHS failed to take a personnel action. HHS failed to process my approved promotion to the GS-13 level based on performance and merit due to retaliation. I have been denied a promotion for two consecutive years. In January 2018, I was denied a career ladder promotion despite CY 2017 PMAP rating of "Achieved More than Expected Results" and CY 2018 PMAP rating of "Achieved Outstanding Results".
2. HHS's mismanagement of my personnel records and failure to process several personal actions, over the course of years, has led to consistent incorrect documentation of my personnel records which has caused me to be ineligible for several job opportunities has led to invalid debt allegations and has also caused me to go into student loan forbearance.
3. I believe HHS failed to take a personnel action due to retaliation. HHS's gross mismanagement of my personnel records deemed me ineligible to apply to outside positions and was also the reason I was denied several positions in which I applied for outside of HHS. In addition, HHS failed to comply with OSC remedy to convert me to a full-time career competitive position for many years despite agreeing to do.

## Summary
On **June 5, 2019**, I submitted a complaint to the Office of Special Counsel (MA-19-3816).
On **July 16, 2020** the U.S. Office of Special Counsel (OSC) terminated its inquiry into my allegations of violations of prohibited personnel practices.
On **July 16, 2020** I was notified by the Office of Special Counsel that I have a right to file an "individual right of action" (IRA) appeal seeking corrective action from the Merit Systems Protection Board because I was a victim of the prohibited personnel practice.
**September 18, 2020** – I submitted an appeal to the Merit Systems Protections Board seeking corrective action from the Merit Systems Protection Board because I was a victim of the prohibited personnel practice described in section 2302(b)(8) or (b)(9), commonly called reprisal for whistleblowing and/or protected activity. Pursuant to 5 U.S.C. §§ 1214(a)(3) and 1221.
**October 5, 2020**, the Agency filed a motion asserting that the MSPB AJ lacked the authority to decide the appeal pursuant to the decisions issued by the Supreme Court in the case of Lucia v. Sec. Exch. Comm'n.. 138 S. Ct. 2044 (2018).
**November 2, 2020**, the MSPB AJ dismissed the appeal without prejudice. The MSPB AJ determined that the matter of whether the Board's administrative judges have the authority to decide matters such as this under Lucia was currently pending before the Board.
**November 2, 2020** I was notified that she may obtain review of the initial decision of the Merit Systems Protection Board only after it becomes final.
**January 6, 2021**, I filed a petition with the Equal Employment Opportunity Commission (EEOC or Commission) asking for review of a Final Order issued by the Merit Systems Protection Board (MSPB).
**January 11, 2021** – I filed an appeal with the United States District Court for the Northern District of Georgia

16 0f 96

**February 12, 2021** - I filed a Petition for Review before the U.S. Court of Appeals for the Federal Circuit, requesting its reviews of the underlying MSPB decision. The matter was docketed with the Federal Circuit on February 12, 2021.

**March 18, 2021** – EEOC denied my appeal

**May 13, 2021** – Employee submitted a Notice of Voluntary Dismissal to the United States District Court of the Northern District of Georgia. Employee's civil case #1:21-cv-00755 against the Agency was entered as dismissed pursuant to Rule 41(a)(1)(i), F.R.C.P

**May 26, 2021** - The Complainant contacted the Clerk's office of the U.S. Court of Appeals of the Federal Circuit via telephone and filed a Notice of Voluntary Dismissal according to FRAP Rule 42 (b) with the U.S. Court of Appeals of the Federal Circuit

**Summary of OSC Claims**

OASH has routinely failed to process timely promotions for me based on performance and merit. In 2016, I was promoted to the GS-12/13 position in March however, the agency failed to process the promotion until December, with no retroactive pay. I filed an OSC complaint and as a remedy the agency corrected and backdated the promotion (MA-17-4392).

In January 2018, I was denied a career ladder promotion despite CY 2017 PMAP rating of "Achieved More than Expected Results".

In December 2018, I was approved for a career ladder promotion to the GS-13 level, the agency failed to process (MA-19-3816).

Regarding incorrect personnel records, I identified an error in my personnel records in 2015. I then contacted the appropriate officials within my agency to address it. After no corrective action, I submitted a complaint to OSC regarding the issue (MA-16-0115). OSC issued a remedy to correct the issue. HHS corrected the issue, however two days later I was reverted back to exceptive service. This resulted in another complaint with OSC (MA-16-4392), regarding the same concern, which resulted in the same remedy. Most recently, I submitted a complaint to OSC (MA-19-3816) regarding the same issue of still being identified as an exceptive service employee.

This is continuous pattern of retaliatory behavior. To my knowledge, I am the only person within my office that has had these ongoing issues and concerns, I am also the only person to my knowledge that has filed an OSC complaint, an EEO complaint, and an agency grievance because of these ongoing issues. I believe the continued inconsistencies and inaccuracies further illustrate how I am continuously being targeted and retaliated against. In addition, several persons responsible for initiating/processing my personnel actions were the subject of the employee's previous OSC complaints and/or agency grievance.

15.   Plaintiff      __x___      still works for defendant(s)
                     _____     no longer works for defendant(s) or was not hired

16.   If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation?   __x__ Yes      _____ No

        If you checked "Yes," please explain: _____ Please see the attached document.

        _____

        _____

        _____

        _____

17.   If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial. Do you request a jury trial?      _____ Yes   __x__ No

## <u>Request for Relief</u>

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

__x__      Defendant(s) be directed to _backdate promotion to the GS-13 level;_
           **Require disability sensitivity training for managers and team leads; stop discriminatory practices and take steps to prevent discrimination in the future; recover annual/sick leave lost; recover money from DFAS**

__x__      Money damages (list amounts) _$300,000_____

           _____

__x__      Costs and fees involved in litigating this case

__x__      Such other relief as my be appropriate

Page 8 of 9

18 of 46

**16. If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation? Yes No**

**If you checked "Yes," please explain:**

On April 11, 2019 I submitted a request to modify my reasonable accommodation based on supporting medical documentation, from two of my specialized treating physicians, to my supervisor, Sharon Ricks. Based on my previous experience and history with the agency, my supervisor has provided reasonable accommodation approval on-site based on supporting medical documentation. The medical documentation submitted on April 11, 2019 showed it was medically necessary for me to telework full-time due to progression of my disabilities of Crohn's Disease and avascular necrosis. I didn't foresee an issue in submitting this request, as I was already teleworking for the most part, full-time, as a reasonable accommodation. My agency's allowing me to telework since 2010, allowed me to perform and complete the essential functions of my job successfully as evidenced by receiving "Achieved outstanding results" on my last two performance appraisals. However, after about a month of hearing no response regarding my request, I contacted EEO regarding this issue as my modified reasonable accommodation request was necessary to complete my job due to my condition worsening.

On April 23, 2019 while in Washington, DC, I met with David Johnson and Sue Moskowsky and told them about my disabilities (Crohn's Disease and Avascular Necrosis) and my current reasonable accommodation and requested to modify my reasonable accommodation due to disease progression. David Johnson and Sue Moskowsky told me that I needed to submit formal documentation without providing any further assistance as the process has changed. *Please note they were somehow already aware of my request prior to this meeting.*

On May 30, 2019 I first contacted EEO regarding my reasonable accommodation request submitted April 11, 2019. On July 15, 2019, Sharon Ricks and David Johnson were notified by Mazie Haley, HHS EEO specialist, that I filed an EEO complaint. I feel the reasonable accommodation reconsideration process was started over because management officials were notified I contacted EEO. In addition, on August 13, 2019 Joseph McCleary stated, he wanted to make sure the reasonable accommodation process was followed in order so when I file my complaint we (EEO) would have followed procedures correctly. After stating this, Joseph McCleary started the reconsideration process over further delaying my request for a reasonable accommodation.

**Timeline**

June 3, 2019– I requested telework as a reasonable accommodation, again, to David Johnson.
June 17, 2019– David Johnson sent an email to me stating he expected me to physically report to my official duty station.
June 19, 2019- David Johnson denied my already established reasonable accommodation and instructed me to use leave, stating it was his expectation that I physically report to the office in Atlanta.
July 10, 2019 - I received correspondence from David Johnson denying my request for full-time telework as a reasonable accommodation. This decision was made without contacting my two treating physicians regarding my disabilities. One of my treating physicians notified me she was contacted but not regarding my conditions listed as why the reasonable accommodation is necessary. My physician, Dr. Javeria Bhawal, rheumatologist, told me my agency contacted her and asked "If I was happy?" My other treating physician, gastroenterologist, was not contacted at

19 of 46

all. David Johnson stated "I am not approving the request for "full time telework," however based on the recommendation and medical advisement of the medical review from the Federal Occupational Health, I am offering the use of a recumbent workstation as an alternative accommodation".  David Johnson also stated, "the nature of the work and job requirements, including but not limited to ongoing training, mentoring, and related efforts to develop skills and background necessary to centrally administer the Title X Family Planning program, will require staff to be physically in the office to provide prescribed technical assistance to grantees, as well as accomplish the monitoring and oversight duties required for programs operated out of the Office of Population Affairs." Please note, I have been completing the essential functions of this job officially since 2015.

July 17, 2019 – Per OASH Reasonable Accommodation policy, I submitted a request to David Johnson and asked for my reasonable accommodation, full time telework, to be reconsidered. I submitted a reconsideration because when I am afforded this accommodation I am able to perform the essential functions of my job and I am a fully functioning employee.

August 5, 2019 – David Johnson denied my reconsideration request

August 12, 2019 – Per OASH Reasonable accommodation policy, I submitted my reasonable accommodation request for reconsideration request to Diane Foley, next line supervisor

August 13, 2019 – Joseph McCleary contacted me via email stating David Johnson did not understand the reasonable accommodation process and instructed me to resubmit my request for reconsideration, effectively starting the reconsideration process over and further delaying my request for a reasonable accommodation. Joseph McCleary stated, he wanted to make sure the reasonable accommodation process was followed in order so when I file my complaint we would have followed procedures correctly. After stating this, Joseph McCleary started the reconsideration process over further delaying my request for reasonable accommodation.

August 13, 2019 – The reasonable accommodation reconsideration process was started over further delaying my reasonable accommodation request.

August 21, 2019– David Johnson denied my reasonable accommodation request for reconsideration, again.

August 22, 2019 – I requested to Joseph McCleary to submit my reasonable accommodation request to Dianne Foley, the next line supervisor

August 22, 2019 – Joseph McCleary submitted my reasonable accommodation reconsideration request to Diane Foley, *Deputy Assistant Secretary for Population Affairs, Office of Population Affairs, US Department of Health and Human Services*

August 28, 2019 – Diane Foley, MD denied my reasonable accommodation request.

August 29, 2019 – I contacted Joseph McCleary and asked him to send my reconsideration request to the next line supervisor, Steven Valentine, Chief of Staff, Office of the Assistant Secretary for Health as instructed.

September/October 2019- I contacted RADM Sylvia Trent Adams to check the status of my reasonable accommodation request and to check the status of my approved promotion to the GS-13 level

November 2019 – I started a new position at the GS-12 level with the Centers for Disease Control and Prevention

I never received a determination on my reasonable accommodation request. As a person living with a disability I depend on reasonable accommodations to successfully fulfill the duties of my

position. As HHS neglected to provide a reasonable accommodation I was forced to resign my
position at OASH and find a new position that would accommodate me.

# PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this __19__ day of ___July___ , 20 _22_

_____
(Signature of plaintiff *pro se*)

Gaylyn Henderson
_____
(Printed name of plaintiff *pro se*)

_____
(street address)

Atlanta, Ga 30318
_____
(City, State, and zip code)

hendersong14@hotmail.com
_____
(email address)

470-377-0704
_____
(telephone number)

22 of 46



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**


Gaylyn Henderson, a/k/a
Leandro P.,[1]
Complainant,

v.

Xavier Becerra,
Secretary,
Department of Health and Human Services,
Agency.

Request No. 2022001409

Appeal No. 2021004522

Hearing No. 410-2020-00285X

Agency No. HHS-OS-0043-2019

<u>DECISION ON REQUEST FOR RECONSIDERATION</u>

Complainant requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in <u>Leandro P. v. Dep't of Health and Human Services,</u> EEOC Appeal No. 2021004522 (Dec. 16, 2021). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. <u>See</u> 29 C.F.R. § 1614.405(c).

On September 25, 2019, Complainant filed a formal EEO complaint, that was subsequently amended, claiming that the Agency discriminated against her based on disability and in reprisal for prior protected EEO activity when:

1. Complainant's request for reconsideration of a reasonable accommodation was allegedly delayed (April 11, 2019).

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

23 of 46

2                                                                  2022001409

2.  Complainant was allegedly denied telework and instructed to use leave for one day (June 19, 2019).

3.  Complainant's reasonable accommodation was allegedly denied after reconsideration (July 10, 2019).

4.  The processing of a career ladder promotion to GS-13 was allegedly delayed, despite receiving Achieved Expected and Outstanding results on her 2018 and 2019 yearly PMAPs (October 8, 2019).

5.  The Agency allegedly failed to accurately correct a SF-50 to reflect competitive status tenure (October 9, 2019).

6.  Complainant was allegedly denied a transfer to a position due to incorrect SF-50 career status (August 27, 2019).

7.  Complainant was allegedly forced to resign from her position with OASHA, due to a directed reassignment and accept a new position with the Center for Disease Control and Prevention (CDC) (November 25, 2019).

The Agency dismissed the complaint on the grounds that Complainant elected to appeal the same claims at issue to the Merit Systems Protection Board (MSPB), pursuant to § 1614.107(a)(4). Complainant appealed. The Commission's prior decision dismissed the appeal since the instant complaint was before the MSPB pending review by the Federal Circuit.

In her request, Complainant provides no evidence to warrant granting her request. The Commission emphasizes that a request for reconsideration is not a second appeal to the Commission. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110) (Aug. 5, 2015), at 9-18; see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 2021004522 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

3                                            2022001409

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

April 21, 2022
Date

25 of 46



DEPARTMENT OF HEALTH & HUMAN SERVICES          Office of the Secretary

Assistant Secretary for Administration
Equal Employment Opportunity,
Diversity & Inclusion
Washington, DC 20201

SEP 25 2019

# ACCEPTANCE OF EEO COMPLAINT

## CERTIFIED MAIL – RETURN RECEIPT REQUESTED
## NO.: 70009 1680 0001 6713 1422

Gaylyn Henderson
1040 Huff Road NW
Apt. 2407
Atlanta, GA 30318

Re: Gaylyn Henderson
Agency Case No.: HHS-OS-0043-2019
Filed Formal:  September 6, 2019

Dear Ms.Henderson,

This serves to acknowledge and accept the subject complaint of discrimination you filed against the Department of Health and Human Services (HHS), Office of Assistant Secretary for Health (OASH), on September 6, 2109.   Upon a review of the claims contained in your formal complaint, the following allegations have been accepted for investigation:

Whether or not you were discriminate against based on your disability (physical) and retaliated against (prior EEO activity in 2013) when the following occurred:

1. When your request for reconsideration of a reasonable accommodation was delayed (April 11, 2019)

2. When you were denied telework and instructed to use leave for one day (June 19, 2019)

3. When your reasonable accommodation was denied after reconsideration (July 10, 2019)

The above claims are accepted for investigation and the complaint will be processed pursuant to the provisions of Title 29 Code of Federal Regulations (C.F.R.) Part 1614.

26 of 46

Gaylyn Henderson, Agency No. HHS-OS-0043-2019

If you believe the claims are not correctly identified, please notify this office in writing to the address or fax number below, within **seven (7) calendar days** after receipt of this letter and specify why you believe the claims have not been correctly identified. If you fail to contact us, we will conclude you agree that the claims have been properly identified above. Any statement submitted in this regard will be placed in the complaint file.

**HHS/EEO Office**
**330 C Street, S.W.**
**Suite 2500**
**Washington, DC 20201**
**Fax: 202-619-0823**

Your complaint will be assigned to an investigator for formal investigation of the accepted claims. Once assigned, an EEO investigator will contact you when the investigation of this complaint begins. During the investigation, you must provide relevant documentation and testimony to the investigator. This information will become part of the official record and will be used in analyzing the complaint to determine whether or not discrimination occurred. You should present to the investigator all information you want considered and the names of any witnesses you believe should be contacted. You must cooperate with the investigator assigned. Failure to do so may result in the dismissal of your complaint.

The regulations require the Agency to complete its investigation of this complaint within 180 calendar days of the filing of this complaint, unless you and the agency voluntarily agree, in writing, to extend the time period by up to an additional ninety (90) calendar days, or where a complaint was amended.

You may amend a complaint at any time prior to the conclusion of the investigation to include claims like or related to the claims identified above without the need for additional counseling. The Agency will acknowledge in writing any written amendments filed. When a complaint has been amended, the agency is required to conduct an impartial investigation within the earlier of 180 calendar days after the last amendment of the complaint or 360 calendar days after the filing of the original complaint.

You may request a hearing from the Equal Employment Opportunity Commission (EEOC) or an immediate Final Agency Decision (FAD) from the Department of Health and Human Services (HHS) if the investigation has not been completed within 180 calendar days of the filing of the complaint. Any amendment must be submitted, in writing, to the undersigned for a determination whether the new claim(s) warrants inclusion in the pending complaint or processing as a new complaint. Additionally, after requesting a hearing, you have the right to file a motion with the Administrative Judge (AJ) to amend the complaint to include claim(s) like or related to those raised in the original complaint.

At the conclusion of the investigation, the Agency will provide you with a copy of the Report of Investigation (ROI). In accordance with 29 C.F.R. §1614.108(f), you will have

2

27 of 96

Gaylyn Henderson, Agency No. HHS-OS-0043-2019

thirty (30) calendar days from the date you receive the ROI to request a hearing and decision from an EEOC AJ or request an immediate final decision without a hearing from the Agency.  If you request a FAD without a hearing, the request should be in writing and directed to me within thirty (30) calendar days from your receipt of the ROI.

### Right to Request a Hearing

Should you request a hearing before an EEOC AJ, it must be in writing and forwarded directly to the District Director of EEOC at the following address:

**Equal Employment Opportunity Commission
Sam Nunn Atlanta Federal Center
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303**

The hearing request must be made to the EEOC within thirty (30) calendar days from the date on which you receive the ROI.  Simultaneously, you must provide me with a copy of the hearing request.

If you have not received a copy of the investigative report and notification concerning appeal rights, at any time after 180 calendar days has elapsed from the filing of the complaint, a written hearing request may be submitted directly to the EEOC District Office shown above, with a copy to the Agency.

If you wish to amend a complaint after a hearing has been requested, you must file a motion to amend the complaint directly with the EEOC AJ assigned to your complaint. Failure to elect a hearing before the EEOC or request a FAD within the thirty (30) calendar day time frame from your receipt of the ROI will invoke the Agency to issue a FAD.

### Appeal Rights

If dissatisfied with the FAD where there has been no hearing, you may appeal the FAD to the Office of Federal Operations (OFO) of the EEOC, within thirty (30) calendar days from your receipt of your FAD.

If dissatisfied with the final action on the decision of an EEOC AJ following a hearing, an appeal may be filed with OFO of the EEOC within thirty (30) calendar days of the date that you receive the final action implementing a decision of an EEOC AJ.
Any appeal to OFO should be sent to the following address:

**Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, DC 20036-9848**

3

28 of 46

Gaylyn Henderson, Agency No. HHS-OS-0043-2019

You must send a copy of the appeal and supporting documentation to me. In addition, you must provide proof to OFO that a copy of the appeal and any supporting documentation has been sent to me.

## Right to File a Civil Action

You may file a civil action in an appropriate U.S. District Court:

- Within ninety (90) calendar days of your receipt of a final decision if no appeal has been filed;

- After the expiration of 180 calendar days from the date on which you filed the original formal complaint if you have not amended the complaint, agreed to an extension, or filed an appeal, and the Agency has not issued a final agency decision on the complaint;

- Within ninety (90) calendar days from the date of your receipt of the decision from OFO if you initially chose to file an appeal with OFO of the EEOC; or

- After 180 calendar days of the date on which you filed an appeal with OFO if you have not received a decision on the appeal.

You may file a civil action within two (2) years or, if the violation is willful, within three (3) years of the date of an alleged violation of the Equal Pay Act (EPA), regardless of whether you pursued any administration complaint processing.

If you decide to file a civil action, you must name the Agency head as the defendant and provide his/her official title. The head of the Agency, for purposes of filing this civil suit, is **Alex M. Azar II, Secretary.** Failure to provide the name or official title of the Secretary may result in dismissal of your case. Civil action may be filed through legal counsel. If you decide to file a civil action under Title VII or under the Rehabilitation Act, and you no longer have an attorney or cannot afford the services of an attorney, you may take this notice to the U.S. District Court, which may, in its discretion, appoint an attorney to represent you. Also in its discretion, the Court may permit you to file the action without payment of fees, costs, or other security. Filing a request for an attorney does not extend the time limits set forth above for filing a civil action.

In the event you engage the services of a licensed attorney in this matter or there is a change in representation, you must notify the Agency in writing immediately. Failure to make such notification may result in a denial of fees or costs to which an attorney might otherwise be entitled.

4

29 of 46

Gaylyn Henderson, Agency No. HHS-OS-0043-2019

If you have any questions regarding the above, please contact Joan Yarbrough-Martino, EEO Specialist at (202) 690-8215 or via email at joan.yarbrough-martino@hhs.gov.

Sincerely,

Robert B. Brady, SPHR
Branch Chief, EEO Operation

5

300f46



DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the Secretary

Assistant Secretary for Administration
Equal Employment Opportunity,
  Diversity & Inclusion
Washington, DC 20201

NOV 0 4 2019

## AMENDED ACCEPTANCE OF EEO COMPLAINT

### <u>CERTIFIED MAIL – RETURN RECEIPT REQUESTED</u>
### <u>NO.:  7009 1680 0001 6713 1194</u>

Gaylyn Henderson
1040 Huff Road NW
Apt. 2407
Atlanta, GA 30318

Re: Gaylyn Henderson
Agency Case No.: HHS-OS-0043-2019
Filed Formal:  September 6, 2019

Dear Ms. Henderson,

This serves to acknowledge the request to amend, received via email on October 22, 2019, the subject complaint of discrimination you filed against the Department of Health and Human Services (HHS), Office of Assistant Secretary for Health (OASH), on September 6, 2019.

The original acceptance letter is amended to include to the following:

Whether or not you were discriminate against based on your disability (physical) and retaliated against (prior EEO activity in 2013) when the following occurred:

4.  the processing of a career ladder promotion to GS-13 continues to be delayed, despite receiving Achieved Expected and Outstanding results on your 2018 and 2019 yearly PMAPs (October 8, 2019);

5. continued failure to accurately correct SF-50 to reflect competitive status tenure (October 9, 2019); and

6.  you were denied a transfer to a position due to incorrect SF-50 career status (August 27, 2019).

The above claims are accepted for investigation and the complaint will be processed pursuant to the provisions of Title 29 Code of Federal Regulations (C.F.R.) Part 1614.

Gaylyn Henderson, Agency No. HHS-OS-0043-2019

If you believe the claims are not correctly identified, please notify this office in writing to the address or fax number below, within **seven (7) calendar days** after receipt of this letter and specify why you believe the claims have not been correctly identified.  If you fail to contact us, we will conclude you agree that the claims have been properly identified above.  Any statement submitted in this regard will be placed in the complaint file.

**HHS/EEO Office**
**330 C Street, S.W.**
**Suite 2500**
**Washington, DC  20201**
**Fax:  202-619-0823**

Your complaint will be assigned to an investigator for formal investigation of the accepted claims.   Once assigned, an EEO investigator will contact you when the investigation of this complaint begins.   During the investigation, you must provide relevant documentation and testimony to the investigator.  This information will become part of the official record and will be used in analyzing the complaint to determine whether or not discrimination occurred.   You should present to the investigator all information you want considered and the names of any witnesses you believe should be contacted.  You must cooperate with the investigator assigned.  Failure to do so may result in the dismissal of your complaint.

The regulations require the Agency to complete its investigation of this complaint within 180 calendar days of the filing of this complaint, unless you  and the agency voluntarily agree, in writing, to extend the time period by up to an additional ninety (90) calendar days, or where a complaint was amended.

You may amend a complaint at any time prior to the conclusion of the investigation to include claims like or related to the claims identified above without the need for additional counseling.  The Agency will acknowledge in writing any written amendments filed.  When a complaint has been amended, the agency is required to conduct an impartial investigation within the earlier of 180 calendar days after the last amendment of the complaint or 360 calendar days after the filing of the original complaint.

You may request a hearing from the Equal Employment Opportunity Commission (EEOC) or an immediate Final Agency Decision (FAD) from the Department of Health and Human Services (HHS) if the investigation has not been completed within 180 calendar days of the filing of the complaint.  Any amendment must be submitted, in writing, to the undersigned for a determination whether the new claim(s) warrants inclusion in the pending complaint or processing as a new complaint.  Additionally, after requesting a hearing, you have the right to file a motion with the Administrative Judge (AJ) to amend the complaint to include claim(s) like or related to those raised in the original complaint.

At the conclusion of the investigation, the Agency will provide you with a copy of the Report of Investigation (ROI).  In accordance with 29 C.F.R. §1614.108(f), you will have

2

Gaylyn Henderson, Agency No. HHS-OS-0043-2019

thirty (30) calendar days from the date you receive the ROI to request a hearing and decision from an EEOC AJ or request an immediate final decision without a hearing from the Agency.  If you request a FAD without a hearing, the request should be in writing and directed to me within thirty (30) calendar days from your receipt of the ROI.

### Right to Request a Hearing

Should you request a hearing before an EEOC AJ, it must be in writing and forwarded directly to the District Director of EEOC at the following address:

**Equal Employment Opportunity Commission**
**Sam Nunn Atlanta Federal Center**
**100 Alabama Street, SW, Suite 4R30**
**Atlanta, Georgia 30303**

The hearing request must be made to the EEOC within thirty (30) calendar days from the date on which you receive the ROI.  Simultaneously, you must provide me with a copy of the hearing request.

If you have not received a copy of the investigative report and notification concerning appeal rights, at any time after 180 calendar days has elapsed from the filing of the complaint, a written hearing request may be submitted directly to the EEOC District Office shown above, with a copy to the Agency.

If you wish to amend a complaint after a hearing has been requested, you must file a motion to amend the complaint directly with the EEOC AJ assigned to your complaint. Failure to elect a hearing before the EEOC or request a FAD within the thirty (30) calendar day time frame from your receipt of the ROI will invoke the Agency to issue a FAD.

### Appeal Rights

If dissatisfied with the FAD where there has been no hearing, you may appeal the FAD to the Office of Federal Operations (OFO) of the EEOC, within thirty (30) calendar days from your receipt of your FAD.

If dissatisfied with the final action on the decision of an EEOC AJ following a hearing, an appeal may be filed with OFO of the EEOC within thirty (30) calendar days of the date that you receive the final action implementing a decision of an EEOC AJ.
Any appeal to OFO should be sent to the following address:

**Equal Employment Opportunity Commission**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, DC 20036-9848**

33 of 46

Gaylyn Henderson, Agency No. HHS-OS-0043-2019

You must send a copy of the appeal and supporting documentation to me. In addition, you must provide proof to OFO that a copy of the appeal and any supporting documentation has been sent to me.

## Right to File a Civil Action

You may file a civil action in an appropriate U.S. District Court:

- Within ninety (90) calendar days of your receipt of a final decision if no appeal has been filed;

- After the expiration of 180 calendar days from the date on which you filed the original formal complaint if you have not amended the complaint, agreed to an extension, or filed an appeal, and the Agency has not issued a final agency decision on the complaint;

- Within ninety (90) calendar days from the date of your receipt of the decision from OFO if you initially chose to file an appeal with OFO of the EEOC; or

- After 180 calendar days of the date on which you filed an appeal with OFO if you have not received a decision on the appeal.

You may file a civil action within two (2) years or, if the violation is willful, within three (3) years of the date of an alleged violation of the Equal Pay Act (EPA), regardless of whether you pursued any administration complaint processing.

If you decide to file a civil action, you must name the Agency head as the defendant and provide his/her official title. The head of the Agency, for purposes of filing this civil suit, is **Alex M. Azar II, Secretary.** Failure to provide the name or official title of the Secretary may result in dismissal of your case. Civil action may be filed through legal counsel. If you decide to file a civil action under Title VII or under the Rehabilitation Act, and you no longer have an attorney or cannot afford the services of an attorney, you may take this notice to the U.S. District Court, which may, in its discretion, appoint an attorney to represent you. Also in its discretion, the Court may permit you to file the action without payment of fees, costs, or other security. Filing a request for an attorney does not extend the time limits set forth above for filing a civil action.

In the event you engage the services of a licensed attorney in this matter or there is a change in representation, you must notify the Agency in writing immediately. Failure to make such notification may result in a denial of fees or costs to which an attorney might otherwise be entitled.

Gaylyn Henderson, Agency No. HHS-OS-0043-2019

If you have any questions regarding the above, please contact Joan Yarbrough-Martino, EEO Specialist at (202) 690-8215 or via email at joan.yarbrough-martino@hhs.gov.

Sincerely,

Robert B. Brady, SPHR
Director, Equal Employment Opportunity
Services (EEOS) Division

5

35 of 46

 DEPARTMENT OF HEALTH & HUMAN SERVICES     Office of the Secretary

_____

Assistant Secretary for Administration
Equal Employment Opportunity,
 Diversity & Inclusion
Washington, DC 20201

MAR 1 0 2020

## CORRECTED
## ACCEPTANCE OF SUPPLEMENTAL EEO COMPLAINT

### CERTIFIED MAIL – RETURN RECEIPT REQUESTED
### NO.: 7009 1680 0001 6713 1248

Gaylyn Henderson
1040 Huff Road NW
Apt. 2407
Atlanta, GA 30318

Re: Gaylyn Henderson
Agency Case No.: HHS-OS-0043-2019
Filed Formal: September 25, 2019
Amended: November 4, 2019
Supplemental: February 18, 2020
Corrected: March 10, 2020

Dear Ms. Henderson,

This serves to correct the supplemental investigation letter of acceptance dated February 18, 2020 to include harassment (hostile work environment). All other information remains the same as stated below.

This serves to acknowledge and accept your request to investigate a supplemental issue, received via email in December 2019 and February, 2020. The original subject complaint of discrimination you filed against the Department of Health and Human Services (HHS), Office of Assistant Secretary for Health (OASH), on September 25, 2109 and amended on November 4, 2019 was completed in January 2020.

> Whether or not you were subjected to harassment (hostile work environment) based on your disability (physical) and retaliated against (prior EEO activity in 2013 and 2019) when the following occurred:

>> 7. you were forced to resign your positon with OASH due to a hostile work environment (November 25, 2019)

Gaylyn Henderson, Agency No. HHS-OS-0043-2019

The above claim is accepted for investigation and the complaint will be processed pursuant to the provisions of Title 29 Code of Federal Regulations (C.F.R.) Part 1614. If you believe the claims are not correctly identified, please notify this office in writing to the address or fax number below, within **seven (7) calendar days** after receipt of this letter and specify why you believe the claims have not been correctly identified. If you fail to contact us, we will conclude you agree that the claims have been properly identified above. Any statement submitted in this regard will be placed in the complaint file.

**HHS/EEO Office**
**330 C Street, S.W.**
**Suite 2500**
**Washington, DC  20201**
**Fax:  202-619-0823**

Your complaint will be assigned to an investigator for formal investigation of the accepted claims.  Once assigned, an EEO investigator will contact you when the investigation of this complaint begins.  During the investigation, you must provide relevant documentation and testimony to the investigator.  This information will become part of the official record and will be used in analyzing the complaint to determine whether or not discrimination occurred.  You should present to the investigator all information you want considered and the names of any witnesses you believe should be contacted.  You must cooperate with the investigator assigned.  Failure to do so may result in the dismissal of your complaint.

The regulations require the Agency to complete its investigation of this complaint within 180 calendar days of the filing of this complaint, unless you  and the agency voluntarily agree, in writing, to extend the time period by up to an additional ninety (90) calendar days, or where a complaint was amended.

You may amend a complaint at any time prior to the conclusion of the investigation to include claims like or related to the claims identified above without the need for additional counseling. The Agency will acknowledge in writing any written amendments filed. When a complaint has been amended, the agency is required to conduct an impartial investigation within the earlier of 180 calendar days after the last amendment of the complaint or 360 calendar days after the filing of the original complaint.

You may request a hearing from the Equal Employment Opportunity Commission (EEOC) or an immediate Final Agency Decision (FAD) from the Department of Health and Human Services (HHS) if the investigation has not been completed within 180 calendar days of the filing of the complaint.  Any amendment must be submitted, in writing, to the undersigned for a determination whether the new claim(s) warrants inclusion in the pending complaint or processing as a new complaint.  Additionally, after requesting a hearing, you have the right to file a motion with the Administrative Judge (AJ) to amend the complaint to include claim(s) like or related to those raised in the original complaint.

2

37 of 96

Gaylyn Henderson, Agency No. HHS-OS-0043-2019

At the conclusion of the investigation, the Agency will provide you with a copy of the Report of Investigation (ROI). In accordance with 29 C.F.R. §1614.108(f), you will have thirty (30) calendar days from the date you receive the ROI to request a hearing and decision from an EEOC AJ or request an immediate final decision without a hearing from the Agency. If you request a FAD without a hearing, the request should be in writing and directed to me within thirty (30) calendar days from your receipt of the ROI.

## Right to Request a Hearing

Should you request a hearing before an EEOC AJ, it must be in writing and forwarded directly to the District Director of EEOC at the following address:

**Equal Employment Opportunity Commission**
**Sam Nunn Atlanta Federal Center**
**100 Alabama Street, SW, Suite 4R30**
**Atlanta, Georgia 30303**

The hearing request must be made to the EEOC within thirty (30) calendar days from the date on which you receive the ROI. Simultaneously, you must provide me with a copy of the hearing request.

If you have not received a copy of the investigative report and notification concerning appeal rights, at any time after 180 calendar days has elapsed from the filing of the complaint, a written hearing request may be submitted directly to the EEOC District Office shown above, with a copy to the Agency.

If you wish to amend a complaint after a hearing has been requested, you must file a motion to amend the complaint directly with the EEOC AJ assigned to your complaint. Failure to elect a hearing before the EEOC or request a FAD within the thirty (30) calendar day time frame from your receipt of the ROI will invoke the Agency to issue a FAD.

## Appeal Rights

If dissatisfied with the FAD where there has been no hearing, you may appeal the FAD to the Office of Federal Operations (OFO) of the EEOC, within thirty (30) calendar days from your receipt of your FAD.

If dissatisfied with the final action on the decision of an EEOC AJ following a hearing, an appeal may be filed with OFO of the EEOC within thirty (30) calendar days of the date that you receive the final action implementing a decision of an EEOC AJ.
Any appeal to OFO should be sent to the following address:

**Equal Employment Opportunity Commission**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, DC 20036-9848**

38 of 46

Gaylyn Henderson, Agency No. HHS-OS-0043-2019

You must send a copy of the appeal and supporting documentation to me. In addition, you must provide proof to OFO that a copy of the appeal and any supporting documentation has been sent to me.

## Right to File a Civil Action

You may file a civil action in an appropriate U.S. District Court:

- Within ninety (90) calendar days of your receipt of a final decision if no appeal has been filed;

- After the expiration of 180 calendar days from the date on which you filed the original formal complaint if you have not amended the complaint, agreed to an extension, or filed an appeal, and the Agency has not issued a final agency decision on the complaint;

- Within ninety (90) calendar days from the date of your receipt of the decision from OFO if you initially chose to file an appeal with OFO of the EEOC; or

- After 180 calendar days of the date on which you filed an appeal with OFO if you have not received a decision on the appeal.

You may file a civil action within two (2) years or, if the violation is willful, within three (3) years of the date of an alleged violation of the Equal Pay Act (EPA), regardless of whether you pursued any administration complaint processing.

If you decide to file a civil action, you must name the Agency head as the defendant and provide his/her official title. The head of the Agency, for purposes of filing this civil suit, is **Alex M. Azar II, Secretary.** Failure to provide the name or official title of the Secretary may result in dismissal of your case. Civil action may be filed through legal counsel. If you decide to file a civil action under Title VII or under the Rehabilitation Act, and you no longer have an attorney or cannot afford the services of an attorney, you may take this notice to the U.S. District Court, which may, in its discretion, appoint an attorney to represent you. Also in its discretion, the Court may permit you to file the action without payment of fees, costs, or other security. Filing a request for an attorney does not extend the time limits set forth above for filing a civil action.

In the event you engage the services of a licensed attorney in this matter or there is a change in representation, you must notify the Agency in writing immediately. Failure to make such notification may result in a denial of fees or costs to which an attorney might otherwise be entitled.

39 of 40

Gaylyn Henderson, Agency No. HHS-OS-0043-2019

**If you have any questions regarding the above, please contact Joan Yarbrough-Martino, EEO Specialist at (202) 690-8215 or via email at joan.yarbrough-martino@hhs.gov.**

Sincerely,

*Robert Brady*

Robert B. Brady, SPHR
Deputy Director, Equal Employment Opportunity
   Services (EEOS) Division

5



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
202-804-7000

July 16, 2020

Ms. Gaylyn Henderson
1040 Huff Road NW
Atlanta, GA 30318

**VIA ELECTRONIC MAIL:** hendersong14@hotmail.com

Re: OSC File No. MA-19-3816

Dear Ms. Henderson:

On February 26, 2020, the U.S. Office of Special Counsel (OSC) sent you a letter explaining why we planned to take no further action on your complaint against the U.S. Department of Health and Human Services, Office of the Assistant Secretary for Health (OASH). In our letter, we also notified you that you had (13) calendar days to respond to us with written comments. You provided a response on March 9, 2020, and after a thorough review of your responses and the relevant case law, we cannot conclude that our determination to close your matter without further investigation was incorrect. Accordingly, for the reasons explained in our February 26 letter, we have closed our file on your complaint.

Because you alleged potential violations of 5 U.S.C. § 2302(b)(8) and (b)(9), you may have a right to seek corrective action from the Merit Systems Protection Board (Board) under the provisions of 5 U.S.C. §§ 1214(a)(3) and 1221, also referred to as an individual right of action appeal. You may file a request for corrective action with the Board within 65 days after the date of this letter. The Board regulations concerning rights to file a corrective action case can be found at 5 C.F.R. Part 1209. We have sent you a separate letter on this date regarding your right to file a corrective action case with the Board.

Sincerely,

Ashley Tease
Attorney, Investigation and Prosecution Division

41 of 46



# MERIT SYSTEMS PROTECTION BOARD
## Appeal Form--Appellant and Agency Information

*Please type or print legibly.*                                     OMB No.   3124-0009

1. Name (last, first, middle initial)

   **Henderson, Gaylyn**

2. Present Address (number and street, city, state, and zip code)

   Address:               **1040 Huff Road Apt. 2407**

   City, State, Zip Code:     **Atlanta, Georgia, 30318, United States of America**

3. Telephone numbers (include area code) and E-Mail Address
   You must notify the Board in writing of any change in your telephone number(s) or e-mail address while your appeal is pending.

   Home: **(706) 399-3094**                          Work:

   Fax:                                              Cell:

   E-mail Address: **hendersong14@hotmail.com**      Other Phone Type:

4. Do you wish to designate an individual or organization to represent you in this proceeding before the Board? (You may designate a representative at any time. However, the processing of your appeal will not normally be delayed because of any difficulty you may have in obtaining a representative.)

   ☐ Yes                                             ☑ No

5. Name, address, and telephone number of the agency that took the action or made the decisions you are appealing (include bureau or division, street address, city, State and Zip code)

   Agency Name:      **Department of Health and Human Services**

   Bureau:           **Office of the Assistant Secretary for Health**

   Address:          **200 Independence Avenue, SW**

   City, State, Zip code:   **Washington, District of Columbia, 20201, United States of America**

   Agency Phone:     **(202) 690-7694**

6. Your Federal employment status at the time of the decision or action you are appealing:

   ☐ Temporary   ☑ Permanent   ☐ Applicant
   ☐ Term        ☐ Retired     ☐ Seasonal
   ☐ None

7. Type of appointment (if applicable):

   ☐ Competitive   ☐ SES     ☑ Excepted
   ☐ Postal Service  ☐ Other

8. Your occupational series, position title, grade, and duty station at the time of the decision or action you are appealing (if applicable):

   Occupational Series or Cluster: **0685**
   Position Title: **Public Health Advisor**
   Grade or Pay Band: **12**
   Duty Station: **Atlanta, Ga**

9. Are you entitled to veteran's preference? See 5 U.S.C. 2108.

   ☐ Yes      ☑ No

10. Length of Government Service (if applicable):

    **12** Years   **7** Months

11. Were you serving a probationary, trial, or initial service period at the time of the action or decision you are appealing?

    ☐ Yes      ☑ No

Appeal Number: **202004403**
Submission Date: **9/18/2020 9:19:57 PM**
Confirmation Number: **209428**

MSPB Form 185-1, Page 1 (i/13/201:)
5 CFR Parts 1201, 1208, and 1209

42 of 46



# MERIT SYSTEMS PROTECTION BOARD

## Appeal Form--Appellant and Agency Information

*Please type or print legibly.*

**HEARING:** You may have a right to a hearing before an administrative judge. If you elect not to have a hearing, the administrative judge will make a decision on the basis of the submissions of the parties. Do you want a hearing?

12. Do you want a hearing?    ☑ Yes    ☐ No

**E-Filing:** Registration as an e-filer enables you to file any or all of your pleadings with the Board in electronic form. Registration also means you consent to accept service of all pleadings filed by other registered e-filers and all documents issued by the Board in electronic form. You will receive these as PDF documents at the e-mail address you provided the Board. If registered as an e-filer, you may file any pleading, or portion of a pleading, by non-electronic means. You can withdraw your registration as an e-filer at any time.

13. Do you wish to register as an E-Filer in this appeal?

☑ I elect to E-File              ☐ I decline to E-File

14. I certify that all of the statements made in this form and all attached forms are true, complete, and correct to ☐ the best of my knowledge and belief.

Gaylyn  Henderson, Appellant                                          Date:

Appeal Number:  **202004403**
Submission Date:  **9/18/2020 9:19:57 PM**
Confirmation Number:  **209428**

MSPB Form 185-1, Page 2 (i/13/201:)
5 CFR Parts 1201, 1208, and 1209

43 of 96



# MERIT SYSTEMS PROTECTION BOARD

## Appeal of Agency Personnel Action or Decision (Non-retirement)

Complete this form and attach it to MSPB Form 185-1 if you are appealing an agency personnel action or decision (other than a decision or action affecting your retirement rights or benefits) that is appealable to the Board under a law, rule, or regulation. If the personnel See 5 CFR 1201.3(a) for a list of appealable personnel actions and action or decision is appealable to the Board, you should have received a final decision letter from the agency that informs you of your right to file an appeal with the Board.

*Please type or print legibly.*                                              OMB No.  3124-0009

Please submit only the attachments requested in this form at this time. You will be afforded the opportunity to submit detailed evidence in support of your appeal later in the proceeding.

**Name** *(last, first, middle initial)*  Henderson, Gaylyn

1. Check the box that best describes the personnel action or decision taken by the agency you named in MSPB Form 185-1 that you are appealing. (If you are appealing more than one action or decision, check each box applies.)

   ☐ Veterans Administration Senior Executive Service Removal from civil service
   ☐ Veterans Administration Senior Executive Service Transfer to general schedule
   ☐ Removal (Termination after completion of probationary or initial service period)
   ☐ Involuntary Resignation
   ☐ Termination during probationary or initial service period
   ☐ Involuntary Retirement
   ☑ Reduction in grade or pay      ☐ Suspension for more than 14 days
   ☐ Separation, demotion, or furlough for more than 30 days by reduction in force (RIF)      ☐ Furlough of 30 days or less
   ☐ Denial of within-grade increase      ☐ Failure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement
   ☐ Negative suitability determination
   ☑ Other action or decision (describe): Describe other action      Failure to promote; failure to convert;

2. Date you received the agency's final decision letter (if any) (month, day, year) (Attach a copy)

   07/16/2020

3. Effective date (if any) of the agency action or decision (month, day, year)

   07/16/2020

4. Prior to filing this appeal, did you and the agency mutually agree in writing to try to resolve the matter through an alternative dispute resolution (ADR) process?

   ☐ Yes      ☑ No

5. Explain briefly why you think the agency was wrong in taking this action. In challenging such an action, you may choose to allege that the agency engaged in harmful procedural error, committed a prohibited personnel practice, or engaged in one of the other claims listed in Appendix A. Attach the agency's proposal letter, decision letter, and SF-50, if available.

   ## See Continuation Sheet for Response.

Appeal Number:  202004403
Submission Date:  9/18/2020 9:19:57 PM
Confirmation Number:  209428

MSPB Form 185-2, Page 1 (5/13/2013)
5 CFR Parts 1201, 1208, and 1209

44 of 40



# MERIT SYSTEMS PROTECTION BOARD
## Appeal of Agency Personnel Action or Decision (Non-retirement)

*Please type or print legibly.*

---

**6.** With respect to the agency personnel action or decision you are appealing, have you, or has anyone on your behalf, filed a grievance under a negotiated grievance procedure provided by a collective bargaining agreement?

☐ Yes          ☑ No

---

**7.** If your answer to question 6 is "Yes," on what date was the grievance filed (month, day, year)?

NOT APPLICABLE

---

**8.** If your answer to question 6 was "Yes," has a decision on the grievance been issued?

NOT APPLICABLE

---

**9.** Did you file a whistleblowing complaint with the Office of Special Counsel (OSC)?

☑ Yes          ☐ No

If your answer to question 9 was "Yes", the date on which you filed complaint with OSC:

06/05/2019

---

**10.** Have you received written notice that the Office of Special Counsel made a decision or terminated its investigation?

☑ Yes          ☐ No

If your answer to question 10 was "Yes", the date on which OSC made a decision or terminated its investigation:

07/16/2020

---

**11.** Did you file a complaint on this matter with the Department of Labor (DOL)?

☐ Yes          ☑ No

---

**12.** Has the Department of Labor notified you that your USERRA or VEOA complaint could not be resolved?

NOT APPLICABLE

---

Appeal Number: **202004403**
Submission Date: **9/18/2020 9:19:57 PM**
Confirmation Number: **209428**

MSPB Form 185-2, Page 2 (5/13/2013)
5 CFR Parts 1201, 1208, and 1209

45 of 96



# Merit Systems Protection Board Form 185-2
## Appeal of Agency Personnel Action or Decision (Non-retirement)

## Continuation Sheet

5. Explain briefly why you think the agency was wrong in taking this action. In challenging such an action, you may choose to allege that the agency engaged in harmful procedural error, committed a prohibited personnel practice, or engaged in one of the other claims listed in Appendix A. Attach the agency's proposal letter, decision letter, and SF-50, if available.

1) My employing agency, the US Department of Health and Human Services (HHS) failed to take a personnel action due to retaliation. HHS failed to process my approved promotion to the GS-13 level based on performance and merit due to retaliation.
According to the Office of Special Counsel (OSC), my employing agency did not promote me stating "information obtained from the agency (HHS) demonstrates that career ladder promotions were placed on hold for the employees slated for reassignment to Rockville. The receiving office in Rockville wanted to evaluate the reassigned employees and determine whether they merited promotion".
My supervisor, Sharon Ricks, approved my promotion to the GS-13 level in December 2018. I was notified on December 2019 that HHS OASH office in Rockville/Washington DC approved my promotion to the GS-13 level. I did not relocate to Rockville prior to this approval. I provided information to OSC on March 25, 2020 showing that my promotion was approved to the GS-13 level prior to my relocation and reassignment to Rockville illustrating HHS's claims are inconsistent with OSC findings and does not adhere to merit system principles.
2) HHS's gross mismanagement of my personnel records and failure to process several personal actions has led to consistent incorrect documentation of personnel records which has caused me to be ineligible for several job opportunities and has also led to invalid debt allegations.
Without prior notification, on pay period end date December 16, 2016 pay roll deducted $1,641.06 from my paycheck to collect the alleged debt. In June 2017 the debt was found to be mostly invalid. I was never credited back money from the December 2016 debt collection occurrence. I provided information from the Defense Finance and Accounting Service (DFAS) to OSC on February 18, 2020 which states the debt was found to be mostly invalid.
OSC concluded that the agency was taking steps to revise my personnel documents and provide me with a smooth transition from HHS/OASH to CDC, OSC also concluded that I owed a debt to the agency. This cannot be true as my OSC complaint was filed in June 2019 and I was not offered a position at the CDC until August 2019.
3) I believe HHS failed to take a personnel action due to retaliation. HHS's gross mismanagement of my personnel records deemed me ineligible to apply to outside positions and was also the reason I was denied several positions in which I applied for outside of HHS. In addition, HHS failed to comply with the OSC to convert me to a full-time career competitive position for many years despite agreeing to do so based on OSC claims.

I believe HHS has consistently retaliated against me by failure to accurately reflect my career status. According to OPM an employee is not subject to a new 2 year conversion period if they move from position to another. In case of a 5 CFR 213.3102(u) appointee transferring from one agency to another previously spent under a Schedule A appointment counts toward the completion of the 2 year period if the person is reappointed without a break in service. The intent of Executive Orders 12125 and 13124 is to permit employees with disabilities to obtain civil service competitive status which is obtained through conversion to the competitive service rather than remaining in the excepted service.