IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GAYLYN HENDERSON, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| | : | 1:22-CV-2843-JPB-JSA |
| v. | : | |
| | : | |
| XAVIER BECERRA, Secretary of the Department of Health and Human Services, | : | |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |

## ANSWER OF DEFENDANT

Defendant, Xavier Becerra, Secretary of the Department of Health and Human Services, by and through counsel, the United States Attorney for the Northern District of Georgia, answers the allegations in Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The whistleblowing claims Plaintiff raised at the United States Office of Special Counsel (OSC) should be dismissed because they are not properly before this Court.

## THIRD DEFENSE

Plaintiff's action does not arise under The Americans with Disabilities Act, 42 U.S.C. §12101, et seq. Plaintiff is a federal employee; therefore, her action should have been brought under the Rehabilitation Act, 29 U.S.C. §791 et seq.

## FOURTH DEFENSE

In response to the enumerated paragraphs in the Complaint, Defendant answers as follows:

1.

With respect to the allegations in paragraph 1 of the Complaint, Defendant admits that this action is brought pursuant to Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. However, Defendant denies that is the proper cause of action and further states that as a federal employee, Plaintiff's action arises under the Rehabilitation Act, 29 U.S.C. § 791 et seq.

2.

Defendant admits the allegations in paragraph 2 of the Complaint.

3.

Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 3 of the Complaint.

4.

With respect to the allegations in paragraph 4 of the Complaint, Defendant admits that Xavier Becerra, Secretary of the Department of Health and Human Services, is the defendant in this case.

5.

With respect to the allegations in paragraph 5 of the Complaint, Defendant admits that Plaintiff worked at the address identified in paragraph 4 of the Complaint. Defendant denies that any discrimination took place there and denies any remaining allegations in paragraph 5.

6.

With respect to the allegations in paragraph 6 of the Complaint, Defendant admits that Plaintiff worked at the Department of Health and Human Services between 2019 and 2022. Defendant denies that any discrimination took place then and denies any remaining allegations in paragraph 6.

7.

Defendant admits the allegations in paragraph 7 of the Complaint.

8.

Defendant admits the allegations in paragraph 8 of the Complaint.

9.

With respect to the allegations in paragraph 9 of the Complaint, Defendant admits that Plaintiff is not suing for age discrimination.

10.

With respect to the allegations in paragraph 10 of the Complaint, Defendant admits that Plaintiff was not employed by a State of Georgia agency.

11.

With respect to the allegations in paragraph 11 of the Complaint, Defendant admits that Plaintiff filed a formal EEO complaint in August 2019 based on allegations of disability discrimination and retaliation. Defendant also admits that an Administrative Judge dismissed Plaintiff's EEO case on May 26, 2021, that Plaintiff appealed, that the Office of Federal Operations (OFO) dismissed Plaintiff's appeal, and that OFO denied Plaintiff's request for reconsideration. Defendant is without sufficient knowledge to admit or deny the remaining allegations in paragraph 11.

12.

With respect to the allegations in paragraph 12 of the Complaint, Defendant admits that Plaintiff complains about the issues checked. Defendant denies that

any unlawful discrimination occurred with respect to those issues and denies any remaining allegations in paragraph 12.

13.

With respect to the allegations in paragraph 13 of the Complaint, Defendant is without sufficient knowledge to admit or deny allegations about what Plaintiff believes. To the extent an additional response is required, Defendant denies that any discrimination took place and denies any remaining allegations in paragraph 13.

14.

With respect to the allegations in paragraph 14 of the Complaint, Defendant admits that Plaintiff was a GS-12 Public Health Advisor in the Department of Health and Human Services, Regional IV in Atlanta, Georgia. Defendant also admits that Plaintiff has requested and received reasonable accommodations during her employment. Defendant also admits that Plaintiff contacted EEO about her reasonable accommodation request and eventually filed a formal EEO action. Defendant is without sufficient knowledge to admit or deny the specific dates alleged in paragraph 14. Defendant denies that any of the conduct set forth in Plaintiff's attachment to paragraph 14 constituted unlawful discrimination or

disparate treatment. To the extent an additional response is required, Defendant denies any remaining allegations contained in paragraph 14.

15.

Defendant denies the allegations in paragraph 15 of the Complaint.

16.

With respect to the allegations in paragraph 16 of the Complaint, Defendant admits that Plaintiff submitted a request to modify her reasonable accommodation. Defendant denies that Plaintiff was denied a reasonable accommodation.

17.

With respect to the allegations in paragraph 17 of the Complaint, Defendant admits that Plaintiff has not requested a jury trial.

18.

Defendant denies that Plaintiff is entitled to any relief.

19.

Any allegation not specifically admitted herein is denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief and request that Plaintiff's Complaint be dismissed with all costs taxed against Plaintiff.

Respectfully submitted,

RYAN K. BUCHANAN
UNITED STATES ATTORNEY

/s / Lisa D. Cooper
LISA D. COOPER
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 186165

600 Richard B. Russell Bldg.
75 Ted Turner Drive S.W.
Atlanta, GA 30303
(404) 581-6249 tel
(404) 581-4667 fax

## **CERTIFICATE OF COMPLIANCE**

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B for documents prepared by computer.

/s/ Lisa D. Cooper
LISA D. COOPER
Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I certify that I have electronically filed the foregoing <u>Answer of Defendant</u> with the Clerk of Court using the CM/ECF system.  A copy of this document was also mailed to Plaintiff at the following address:

> Gaylyn Henderson
> 510 Woodlands Dr. SE
> Smyrna, Georgia 30080

This 24th day of October 2022.


<u>/s/ Lisa D. Cooper</u>
LISA D. COOPER
Assistant U.S. Attorney