IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GAYLYN HENDERSON**,<br><br>    Plaintiff,<br><br>v.<br><br>**XAVIER BECERRA**, Secretary of United States Department of Health and Human Services,<br><br>    Defendant. | **Civil Action File No.:**<br>**1:22-CV-2843-JPB-JSA** |

## DEFENDANT'S INITIAL DISCLOSURES

**1. If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Response: Defendant is properly identified.

**2. Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Response: Defendant does not contend that there are necessary parties that have not been named by the other parties and does not contend that there is a question of misjoinder of parties.

**3. Provide a detailed factual basis for the defense or defenses and any counterclaims or cross claims asserted by defendant in the responsive pleading.**

Response:

Plaintiff was employed by HHS's Office of the Assistant Secretary for Health (OASH) as a GS-12 Public Health Advisor in Atlanta, Georgia. She voluntarily transferred to a position within the Centers for Disease Control (CDC) in November 2019.

Plaintiff has been diagnosed with Crohn's disease and Avascular Necrosis that she alleged provided her with the necessity to telework a few days a week. Following a restructuring within the agency that changed Plaintiff's duty station from Atlanta, to Rockville, Maryland, Plaintiff requested an accommodation of full-time telework. The agency denied this request because it was attempting to rebuild and provide consistency and uniformity within the Title X Program by working in teams and having team building exercises, which Plaintiff could not have participated in training and mentoring by teleconference. Agency officials at HHS accommodated Plaintiff's disability by, among other things, following a recommendation of Federal Occupational Health to provide Plaintiff with a recumbent workstation. The agency also allowed Plaintiff to telework at least three days per week.

Plaintiff alleges she was discriminated against because of her disability and retaliated against for her EEO activity when she was denied the reasonable accommodation (RA) of full-time telework, denied a GS-13 career-ladder

promotion, and when her SF-50 was not changed to accurately reflect her career status. Specifically, Plaintiff alleges that OASH officials failed to convert her from excepted to competitive service, failed to revise her position classification, which resulted in her being deemed unqualified for multiple positions in the competitive service. Plaintiff also alleges that she was forced to resign her position at OASH due to a hostile work environment. Plaintiff's prior EEO activity was between 2013 and 2015 about a promotion denial. However, she also alleges that officials at HHS retaliated against her for contacting the Office of Special Counsel.

Defendant denies that the agency discriminated or retaliated against Plaintiff and denies that Plaintiff is entitled to any relief.

**4. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

RESPONSE:

- Rehabilitation Act of 1974, 29 U.S.C. § 701 *et seq.*

- Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*

- *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

- "Under the Rehabilitation Act, a qualified individual is entitled only to a reasonable accommodation and not necessarily the accommodation of her choice. . . . [F]or an accommodation to be reasonable it must be related to the accommodated person's disability." *Redding v. Nova Southeastern University, Inc.*, 165 F. Supp.

3

3d 1274, 1297 (S.D. Fla. 2016) (citing *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285-86 (11th Cir. 1997)).

- *Coleman v. Sec'y U.S. Dep't of Homeland Sec.*, 649 F. App'x 128, 129-30 (3d Cir. 2016);

- *Smith v. Potter*, 400 F. App'x 806, 811 (5th Cir. 2010);

- *Mosely v. Boente*, No. 2:16-CV-153, 2017 WL 476278, at *1 (S.D. Ga. Feb. 6, 2017);

- *Jones v. Rumsfeld*, No. 5:05-CV-01100-KOB, 2014 WL 1329550, at *12 (N.D. Ala. Mar. 28, 2014);

- *Hollins v. Samuels*, No. 1: 12-CV-4119-AT-AJB, 2012 WL 12894839, at *2 n.4 (N.D. Ga. Dec. 21, 2012).

.

**5. Provide the name and if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

Response: See Attachment A.

**6. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P.26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

Response: Defendant has not yet retained an expert witness.

**7. Provide a copy of, or description by category and location of, all documents, data compilations, or other electronically stored information and tangible things in your possession, custody, or control that you may use to support your claims or defensed unless solely for impeachment, identifying the subjects of the information.**

Response: See Attachment C.

**8. In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P.34.**

Response: Defendant is not seeking damages.

**9. If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Response: Defendant does not contend that any person or entity is liable to Plaintiff

**10. Attach for inspection and copying as under Fed.R.Civ.P 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part of or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.**

Response: Not applicable.

Dated: December 9, 2022.

                                                   RYAN K. BUCHANAN
                                                   UNITED STATES ATTORNEY

                                                   */s/ Lisa D. Cooper*
                                                   Lisa D. Cooper
                                                   Assistant U.S. Attorney
                                                   Georgia Bar No. 186165
                                                   E-mail:lisa.cooper@usdoj.gov

600 Richard B. Russell Federal Bldg.
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
(404) 581-6000
(404) 581-6150 facsimile

## **ATTACHMENT A**

The name, address, and telephone number of each individual likely to have discoverable information that Defendant may use to support its claims or defenses, unless solely for impeachment and the subject of such information are as follows:

1. Gaylyn Henderson, Pro Se, Plaintiff.

2. Joseph F. McCleary, Program Manager (can be contacted through counsel for Defendant)

3. Sharon Ricks, former Regional Health Administrator (no longer employed by the agency)

4. David M. Johnson, Deputy Assistant Secretary for Health (can be contacted through counsel for Defendant)

5. Diane Foley, former Deputy Assistant Secretary (no longer employed by the agency)

6. Sylvia Trent-Adams, former Principal Deputy Assistant Secretary for Health (no longer employed by the agency)

7. Natalie D. Bell, Reasonable Accommodations Case-Manager (can be contacted through counsel for Defendant)

8. Valerie L. Gill, Director of Talent Management (can be contacted through counsel for Defendant)

9. Carter Blakey, Deputy Director (can be contacted through counsel for Defendant)

Defendant reserves the right to identify any other witnesses, not yet known or identified, who have knowledge of the allegations or defenses asserted in this case.

# ATTACHMENT C

Pursuant to Rule 26(a)(1)(B), Federal Rules of Civil Procedure, Defendant has identified at this time the following documents or categories of documents, originals or copies of which are, in the possession, custody, or control of the Defendant that may be used to support its claims or defenses, unless solely for impeachment:

1. Report of Investigation, Case No. HHS-OS-0043-2019
2. Report of Supplemental Investigation, Case No. HHS-OS-0043-2019 (ROI),
3. MSPB Initial Decision, No. AT-1221-20-0827-W-1
4. OFO Decision, MSPB No. AT-1221-20-0827-W-1
5. Notice of Voluntary Dismissal, Federal Circuit No. 2021-1647
6. EEOC Order of Dismissal, EEOC No. 410-2020-00285X
7. OFO Dismissal, Appeal No. 2021004522
8. OFO Final Decision, Appeal No. 2021004522
9. MSPB Jurisdictional Order, No. AT-1221-20-0827-W-2
10. MSPB Initial Decision, No. AT-1221-20-0827-W-2
11. Gaylyn Henderson SF-50 dated 11/24/2019
12. Gaylyn Henderson SF-50 dated 01/05/2020
13. Gaylyn Henderson SF-50 dated 05/10/2020
14. Gaylyn Henderson SF-50 dated 01/03/2021
15. Gaylyn Henderson SF-50 dated 05/23/2021
16. Gaylyn Henderson SF-50 dated 01/02/2022

## CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B for documents prepared by computer.

/s/ Lisa D. Cooper
LISA D. COOPER
Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2022, I served a true and correct copy of the foregoing Defendant's Initial Disclosures on:

>Gaylyn Henderson
>510 Woodlands Dr. SE
>Smyrna, Georgia 30080

>>/s/*Lisa D. Cooper*
>>Lisa D. Cooper